# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RDX TECHNOLOGIES CORPORATION,<br><br>Debtor. | Chapter 11 Proceeding<br><br>Case No. 2:17-bk-14387-PS<br><br>**ORDER GRANTING DEBTOR'S APPLICATION TO APPOINT SPECIAL COUNSEL** |

This matter comes before the Court on an *Application for Order Approving Employment of Special Counsel for Debtor-in-Possession* ("Application") filed on February 6, 2018, by RDX Technologies Corporation, the Debtor herein. The Debtor is requesting that Jacques Catafago and Tom M. Fini of the Firm Catafago Fini LLP, whose mailing address is The Empire State Building, 350 5th Avenue, Suite 7710, New York, New York 10118, be appointed as special counsel to provide professional legal services in connection with: two pending appeals in GEM Holdco, LLC et al. v. CWT Canada II Limited Partnership et al., Index No. 650841/2013 (N.Y. Supreme Court, County of New York), in which the Debtor is an appellant, and an anticipated motion to bring to the Court's attention new evidence pursuant to NY CPLR 5015 on behalf of the Debtor; and a pending appeal in GEM Holdco, LLC et al. v. RDX Technologies Corp., Index No. 653694/2015 (N.Y. Supreme Court, County of New York), in which the Debtor is an

appellant. The Affidavit of Special Counsel reflects that he has no adverse interest to the Debtor and the bankruptcy estate. Based upon the foregoing,

IT IS ORDERED that Special Counsel shall be retained on behalf of the Debtor and the bankruptcy estate with respect to the litigation discussed in the Application.

IT IS FURTHER ORDERED that at the time Special Counsel submits its application for approval and payment of attorneys' fees and costs with the Bankruptcy Court, Special Counsel should comply fully with all provisions of RBP 2016, including providing the Court with a detailed billing statement attached to the application. The detailed billing statement should have the tasks performed by Special Counsel broken down on a daily basis in a detailed manner with the actual time expended, allotted to each task, so that the Court may ascertain how much time was expended by Special Counsel on research, drafting of a pleading, attendance of Special Counsel at a court hearing, etc. It is not acceptable to "lump" entries; that is, to list "research and It is also not acceptable to have vague or incomplete entries, such as "telephone call to client" or "research on motion to vacate stay."

IT IS FURTHER ORDERED that any application submitted to the Court shall not include any requests for the payment of overhead. For instance, to the extent that Special Counsel includes overhead costs for computer-assisted research, for long distances telephone calls, for facsimile charges, etc., said overhead costs should be deleted from the actual requests for costs submitted to the Bankruptcy Court.

IT IS FURTHER ORDERED that the costs to be included in the application should constitute only the necessary and actual costs incurred by Special Counsel; therefore, such cost items as secretarial overtime, or similar charges, should not be included in the cost statements to be submitted to the Bankruptcy Court for approval.

IT IS FURTHER ORDERED that if the services rendered are not set forth in a detailed manner, or the costs are not broken down in a detailed manner with full explanation therefor, that the lack of detail may result in the denial of the fees or costs requested, or in the Court requesting additional information before the approval of the fees or costs requested.

IT IS FURTHER ORDERED that this Order is subject to reconsideration if unique circumstances so warrant.

**SIGNED AND DATED ABOVE**