Mark J. Giunta (#015079)
Liz Nguyen (#030282)
Law Office of Mark J. Giunta
531 East Thomas Road, Suite 200
Phoenix, Arizona 85012
Phone (602) 307-0837
Fax (602) 307-0838
Email markgiunta@giuntalaw.com
Email liz@giuntalaw.com

*Attorneys for Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceeding |
| RDX TECHNOLOGIES CORPORATION, | Case No. 2:17-bk-14387-PS |
| Debtor. | **DEBTOR'S RESPONSE TO OBJECTION TO PLAN CONFIRMATION** |
| | (Related to Dkt. 92) |
| | Hearing Date: July 17, 2018<br>Hearing Time: 11:00 a.m.<br>Hearing Place: Courtroom 601 |

Debtor and debtor-in-possession RDX Technologies Corporation ("Debtor"), by and through undersigned counsel, hereby responds to CWT Canada II Partnership, Resource Recovery Corporation, and GEM Holdco, LLC's (collectively, "Objecting Creditors") *Objection to Plan Confirmation* ("Objection") (Dkt. 92).

## I.    INTRODUCTION

Debtor's Plan of Reorganization ("Plan") pays out to non-priority unsecured creditors $3,391,196 over five years. Plan, Section 6.03 (Dkt. 50). This is $3,094,871.26 in excess of the $296,324.84 that these creditors would receive in a Chapter 7 liquidation. *See* Exhibit 2 to the Disclosure Statement. Under the Plan, Debtor is receiving $650,000 in new funding on the Effective Dave. Plan, Section 7.01(f), (g) (Dkt. 50).

Case 2:17-bk-14387-PS    Doc 106    Filed 07/16/18    Entered 07/16/18 14:19:33    Desc
Main Document    Page 1 of 7

Three of the four voting classes voted to accept the Debtor's Plan as set forth in Debtor's Ballot Report (Dkt. 97). Debtor received two rejecting ballots both in Class 3 and one collective objection to its Plan by the same Objecting Creditors. (Dkt. 89, 90, 92). Debtor received one additional limited objection by Butterball, LLC (Dkt. 94) seeking to confirm the scope of Debtor's discharge and Debtor anticipates entering into a stipulation to resolve the same.

The Objecting Creditors object to the Plan on the following grounds: (1) the Plan impermissibly classifies unsecured claims and fails to satisfy 11 U.S.C. § 1129(a)(1); (2) the Plan lacks an accepting impaired class pursuant to 11 U.S.C. §1129(a)(10); (3) the Plan does not satisfy 11 U.S.C. §1129(a)(5); (4) the Plan is not feasible pursuant to 11 U.S.C. § 1129(a)(11); (5) the Plan has not been proposed in good faith pursuant to 11 U.S.C. § 1129(a)(3); (6) the release/exculpation is too broad; and (7) the Plan is not fair and equitable pursuant to 11 U.S.C. § 1129(a)(8).

## II. DISCUSSION

### A. The Plan Does Not Gerrymander Unsecured Claims.

The Objection Creditors argue that all the unsecured claims should be grouped in one class and the separation of the litigation claims, trade vendor claims, and general unsecured claims improperly gerrymanders an accepting impaired class.

To determine whether claims are "substantially similar" to other claims in the same class, as required by bankruptcy statute governing classification of claims in proposed Chapter 11 plan, "bankruptcy judges must evaluate the nature of each claim, i.e., the kind, species, or character of each category of claims." 11 U.S.C. § 1122(a); *In re Rex Properties, LLC*, 558 B.R. 352, 361 (Bankr.C.D.Cal. 2016), quoting *Steelcase v. Johnston (In re Johnston)*, 21 F.3d 323, 327 (9th Cir. 1994). While claims must be substantially similar to be placed in same class, claim that is substantially similar to other claims may be classified separately from those claims in proposed Chapter 11 plan, if there is a "legitimate business or economic justification" for doing so. *Id.*, citing *Barakat v. Life Ins. Co. (In re Barakat)*, 99 F.3d 1520, 1524-25 (9th Cir. 1996). In order for discrimination between creditor classes to be considered "fair discrimination," for Chapter 11

"cramdown" purposes, discrimination must satisfy four criteria: (1) discrimination must be supported by reasonable basis; (2) debtor must be unable to confirm or consummate the plan without this discrimination; (3) discrimination must be proposed in good faith; and (4) degree of discrimination must be directly related to basis or rationale for the discrimination. 11 U.S.C. § 1129(b)(1); *Id.* at 365, citing *Liberty Nat'l Enters. V. Ambanc La Mesa Ltd. P'shp (In re Ambanc La Mesa Ltd. P'Ship)*, 115 B.3d 650, 656 (9th Cir. 1997) (internal quotations and citations omitted).

A classification scheme that separates trade vendor claims from general unsecured claims is a legitimate business or economic justification for the separate classification. *Id.* Separate classification of litigant claims is permissible. *In re Bashas' Inc.*, 437 B.R. 874 (Bankr. D. Ariz. 2010) (the Court found that the separate classification of litigants' claims did not offend the Bankruptcy Code when the claims were disputed and embroiled in contested litigation); *see also In re Johnston*, 21 F.3d at 323 (separate classification does not violate § 1122(a) when the legal character of the claim is not substantially similar to other claims).

In the present case, Debtor is embroiled in contested litigation with the Objecting Creditors including a pending Rule 5015 (New York Rules of Civil Procedure) motion to set aside judgment and appeals of their judgments as well substantial claims against the Objecting Creditors related a fraudulent fuel recycling plan purchase.[1] The votes in this case, and the nature of the present Objection are indicia that the Objecting Creditors view this proceeding as an extension of their litigation with Debtor and not as a method to get a maximum return on their claim like the other creditors in Classes 4 and 5. The trade creditors are separately classed in Class 4 from the general unsecured creditors because they would get the added benefit of obtaining new additional business from Debtor's restarted business, a benefit that even Class 5

---

[1] *GEM Holdco, LLC et al. v. CWT Canada II Limited Partnership et al.*, Index No. 650841/2013 (N.Y. Supreme Court, County of New York), and *GEM Holdco, LLC et al. v. RDX Technologies Corp.*, Index No. 653694/2015 (N.Y. Supreme Court, County of New York).

general unsecured creditors would not receive. The classification set forth in the Plan is supported by the underlying facts and case authority set forth above.

B. The Plan Has Two Accepting Impaired Classes Within the Meaning of 11 U.S.C. § 1129(a)(10).

The voting has provided the Debtor with 2 accepting impaired classes (Classes 4 and 5), within the meaning of 11 U.S.C. § 1129(a)(10).

C. Disclosure of Post-Confirmation Management Within the Meaning of 11 U.S.C. § 1129(a)(5).

The Objecting Creditors argue that Debtor has not fully disclosed its post-confirmation management and the proposed management of the Reorganized Debtor by Tony Ker does not serve the Objecting Creditors' best interests. It should be noted that there was no objection to the disclosure statement by the Objecting Creditors regarding the proposed management of the Reorganized Debtor or particulars provided as to what lack of information was perceived. Debtor's view the process as transparent, have provided information regarding who the post-confirmation manager would be, and would provide any other information regarding the same if any further is deemed appropriate by the Court. An argument that proposed management of the Reorganized Debtor by Tony Ker does not serve the best interests of the estate is without merit and will be refuted at an evidentiary hearing.

D. The Plan is Feasible Within the Meaning of 11 U.S.C. § 1129(a)(11).

The Objecting Creditors argue that the Plan is not feasible within the meaning of 11 U.S.C. § 1129(a)(11). The following factors should be analyzed to determine whether the Plan is feasible:

(1) the adequacy of the capital structure; (2) the earning power of the business; (3) economic conditions; (4) the ability of management; (5) the probability of the continuation of the same management; and (6) any other related matters which determine the prospects of a sufficiently successful operation to enable performance of the provisions of the plan.

*In re Wiersma*, 324 B.R. 92, 113 (9th Cir. BAP 2005).

"In this circuit, all a debtor need demonstrate is that the plan 'has a reasonable probability of success.'" *Wells Fargo Bank v. Loop 76, LLC* (*In re Loop 76, LLC*), 465 B.R. 525, 544 (9th Cir. BAP 2012) (citing *In re Acequia, Inc.,* 787 F.2d 1352, 1364 (9th Cir.1986)). "The Code does not require the debtor to prove that success is inevitable or assured, and a relatively low threshold of proof will satisfy § 1129(a)(11) so long as adequate evidence supports a finding of feasibility." *Id.*

Debtor is receiving substantial funding on the Effective Date, $650,000, to recapitalize and restart Debtor's business. The Reorganized Debtor will be operated by Mr. Ker, an experienced businessman and manager in the oil and gas business with a proven track record. The Debtor will obtain the technical services of Mr. Danzik, an experienced and a uniquely technically skilled contractor who is necessary for optimizing the value of and deploying Debtor's proprietary technology. And going forward, Debtor will be operating in a much more favorable oil and gas price market with respect to price. These factors, and Debtor's satisfaction of the feasibility standard, will be presented at an evidentiary hearing.

E.    The Plan is Proposed in Good Faith Within the Meaning of 11 U.S.C. § 1129(a)(3).

The Objecting Creditors suggest that the Plan was filed in bad faith and not in compliance with 11 U.S.C. § 1129(a)(3).

There are many factors the court considers when determining if a bankruptcy petition can be dismissed as a "bad faith" filing. *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994) (the Court in *Marsch* analyzed "bad faith" when considering a motion to dismiss a bankruptcy petition). Petitions in bankruptcy arising out of a two-party dispute do not per se constitute a bad-faith filing by the debtor. *In re Stolrow's, Inc.*, 84 B.R. 167, 171 (9th Cir. BAP 1988). The test is whether a debtor is attempting to unreasonably deter and harass creditors, or attempting to effect a speedy, efficient reorganization on a feasible basis. 11 U.S.C. § 1112(b). *Id.* The Ninth Circuit has generally found bad faith based on two-party disputes when the dispute could obviously be resolved outside of the Bankruptcy Court's jurisdiction. *In re Sullivan*, 522 B.R. 604, 616 (9th Cir. BAP 2014).

In *In re Lake Tahoe Partners, LLC*, 2016 WL 1626798 (Bankr.N.D.Cal. 2016), a creditor argued the debtor filed its petition in bad faith because it was a two-party dispute. The Court found that the debtor did not file its petition in bad faith and that it was not a two-party dispute when the debtor owed other debts to numerous other creditors, and the debtor proposed a plan that would pay back all its creditors.

In this case, Debtor had valuable proprietary technology, and a potentially friendly environment to deploy it given recent oil and gas price moves, but Debtor could not attract capital, new business, or people willing to attempt a restructuring without the structure of a Chapter 11 Plan and attendant discharge. The case is not a two-party dispute given the other creditors in matter. The Plan distributes out to creditors far more than they would have received in a liquidation, the hallmark of a Plan proposed in good faith.

F.    The Exculpation Clause Meets Customary Standards and Is Not Too Broad.

The exculpation clause found in the Plan is customary and does not exceed the scope of Debtor's permissible discharge with respect to discharging claims held by a third parties.

G.    The Plan Does Not Discriminate Unfairly and the Plan is Fair and Equitable.

Whether a plan discriminates unfairly and the Plan is fair and equitable as to unsecured creditors is governed by 11 U.S.C. § 1129(b)(2) and the absolute priority rule contained therein. In the present case, equity retains no interest in Debtor, satisfying the absolute priority rule. Debtor is receiving a sizeable new value on the Effective Date, $650,000, but is not holding it out as a basis for equity to retain any interest. Furthermore, the treatment of the Objecting Creditors, if their claims are not disallowed, is identical to all other non-priority unsecured creditors which is a pro-rata payment from the $3.3M. The Objecting Creditors appear to be the parties that economically benefit the most from the Debtor's Plan. The Plan is opposite of discriminating unfairly, or being not fair and equitable. It is economically generous to the Objecting Creditors and the only reason they voted against it, and raised the present Objection, is as proxy to their ongoing litigation with Debtor.

### III.    CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court overrule the Objecting Creditors' objection and confirm Debtor's plan.

DATED this 16th day of July, 2018

LAW OFFICE OF MARK J. GIUNTA

By ___/s/ Mark J. Giunta SBN 015079___
     Mark J. Giunta, Esq.
     Liz Nguyen, Esq.
     *Attorneys for Debtor*

A Copy of the foregoing was electronically filed
This 16th day of July, 2018 with the U.S. Bankruptcy Court.

COPY of the foregoing mailed (and/or served via
fax* or e-mail** if so marked) 16th day of July, 2018 to:

J. Henk Taylor *htaylor@rrulaw.com
RYAN RAPP & UNDERWOOD, P.L.C.
3200 North Central Avenue, Suite 2250
Phoenix, Arizona 85012
*Attorney for CWT Canada II LP & GEM Holdco*

Christopher J. Pattock
*christopher.j.pattock@usdoj.gov
Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003

Joshua Wurtzel *jwurtzel@schlamstone.com
Jeffrey M. Eilender
*jeilender@schlamstone.com
Bradley J. Nash *bnash@shalamstone.com
Schlam Stone and Dolan LLP
26 Broadway
New York, NY 10004
*Attorneys for CWT Canada II LP*

Emily Wagner, Esq. *ewagner@swlaw.com
Snell & Wilmer, LLP
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004
*Attorney for Butterball, LLC*

United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ  85003-1706

/s/ Logan Schutz___