J. Henk Taylor (016321)
**RYAN RAPP & UNDERWOOD, P.L.C.**
3200 North Central Avenue, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 707-1480
Facsimile: (602) 265-1495
Email: htaylor@rrulaw.com

*Attorneys for CWT Canada II LP, Resource Recovery Corporation and GEM Holdco, LLC*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 11 |
| RDX TECHNOLOGIES CORPORATION, | Case No. 2:17-bk-14387-PS |
| Debtor | **STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PLAN CONFIRMATION** |
| | Hearing Date: October 2, 2018 |
| | Hearing Time: 11:00 a.m. |
| | Hearing Location: Ct. Rm. 601 |

Pursuant to Local Rule 9013-1(g), CWT Canada II Limited Partnership ("CWT"), Resource Recovery Corporation ("RRC") and GEM Holdco, LLC ("GEM" and collectively with CWT and RRC, the "Objecting Creditors") submit the following statement of material facts in support of their "Motion for Summary Judgment on Plan Confirmation":

**A. Claims of CWT and RRC.**

1. On September 7, 2016, CWT and RRC jointly obtained a judgment (the "CWT Judgment") against Debtor RDX Technologies Corporation in New York state court in a case styled *GEM Holdco, LLC v. Changing World Technologies, L.P.*, Index No. 650841/2013 (Sup. Ct. N.Y. Co.). (Proof of Claim filed by CWT Canada II Limited Partnership (Claim 13-1)

1

[hereinafter "CWT POC"]; Proof of Claim filed by Resource Recovery Corporation (Claim No. 14-1) [hereinafter "RRC POC"]).[1]

2. The amount of the CWT Judgment upon entry was $7,033,491.13. (CWT POC and RRC POC).

3. With post-petition interest, the amount due on the CWT Judgment totaled at least $7,666,521.49 as of December 5, 2017. (CWT POC and RRC POC).

4. CWT and RRC filed timely proofs of claim in this case based on the CWT Judgment. (CWT POC and RRC POC).

5. CWT and RRC have a joint, allowed claim in this case in the amount of at least $7,666,521.49 as of December 5, 2017. This is a non-priority unsecured claim. (CWT POC and RRC POC).

6. CWT and RRC have responded to a motion filed in the New York state court to set aside the CWT Judgment. ("Memorandum of Law in Opposition to Motion to Vacate the Judgment and in Support of Cross-Motion for Sanctions and a Litigation Injunction", filed in *GEM Holdco, LLC v. Changing World Technologies, L.P.*, Index No. 650841/2013 (Sup. Ct. N.Y. Co.), attached as **Exhibit A**).

### B. GEM's Claim.

7. On June 2, 2017, GEM obtained a judgment (the "GEM Judgment") against Debtor RDX Technologies Corporation in New York state court in a case styled *GEM Holdco, LLC v. RDX Technologies Corporation*, Index No. 653694/2015 (Sup. Ct. N.Y. Co.). (Proof of Claim filed by GEM Holdco, LLC (Claim 15-1)[hereinafter "GEM POC"]).

8. The GEM Judgment was awarded to GEM following the New York state court's grant of summary judgment in GEM's favor based on Debtor's breach of a settlement agreement.

---

[1] Unless otherwise specified, citations to the claim register and docket entries are to the claims register and docket of the above-captioned Chapter 11 case, case no. 2:17-bk-14387.

("Decision & Order" dated April 6, 2017 entered in *GEM Holdco, LLC v. RDX Technologies Corporation*, Index No. 653694/2015 (Sup. Ct. N.Y. Co.), attached as **Exhibit B**).

9. The amount of the GEM Judgment upon entry was $9,023,534.49. (GEM POC).

10. With post-petition interest, the amount due on the GEM Judgment totaled at least $9,368,462.19 as of December 5, 2017. (*Id.*).

11. GEM filed a timely proof of claim in this case based on the GEM Judgment. (*Id.*).

12. GEM has an allowed claim in this case in the amount of at least $9,368,462.19 as of December 5, 2017. This is a non-priority unsecured claim. (*Id.*).

**C.  Debtor's 2015 Bankruptcy Filing.**

13. Debtor filed a voluntary Chapter 11 petition in this Court on December 17, 2015 initiating case no. 2:15-bk-15859 (the "2015 Bankruptcy"). (DE 1 in 2015 Bankruptcy).

14. According to Debtor's statement of financial affairs filed in the 2015 Bankruptcy, Debtor did not have any revenues in calendar years 2013, 2014 and 2015 preceding the 2015 Bankruptcy. (DE 89 in 2015 Bankruptcy, at 1).

15. Debtor claimed it last earned revenues in calendar year 2012. (*Id.*)

16. Debtor did not earn any revenues during the pendency of the 2015 Bankruptcy. (DEs 64 and 65 in 2015 Bankruptcy).

17. The Court subsequently dismissed the 2015 Bankruptcy on May 20, 2016. (DE 143 in 2015 Bankruptcy).

**D.  Debtor's Current Bankruptcy.**

18. Debtor filed its second voluntary Chapter 11 petition in this Court on December 5, 2017 (the "Petition Date"), initiating the above-captioned administrative case (case no. 2:17-bk-14387-PS). (DE 1).

19. According to Debtor's amended statement of financial affairs filed in this case, Debtor did not have any revenues in calendar years 2015 and 2016, and no revenues for the nearly 11 months of 2017 prior to the Petition Date. (DE 29).

20. Debtor has not earned any revenues since the Petition Date in this case. (DEs 25, 38, 55, 56, 57, 85, 91 and 113).

21. Debtor's original Schedule F (DE 1) identifies the following basis for these listed claims:

    a.  (3.95) Dorsey & Whitney—"Trade debt";

    b.  (3.157) Jones, Jackson & Moll—"Trade debt";

    c.  (3.162) Labor Ready—"Trade debt";

    d.  (3.169) Loeb & Loeb—"Trade debt";

    e.  (3.174) Manatt, Phelps & Phillips LLP—"Trade debt";

    f.  (3.250) Shook Hardy & Bacon LLP—"Trade debt";

    g.  (3.252) Snell & Wilmer—"Attorneys' Fees";

    h.  (3.253) Snell & Wilmer—"Attorneys' Fees";

    i.  (3.271) Taylor Stafford Clithero Fitgerald—"Trade debt";

22. Debtor filed an amended Schedule F (DE 48) on April 4, 2018. In this amended Schedule F, Debtor deleted the "trade debt" descriptions from all the claims so described in the preceding paragraph except for Labor Ready.

**E.    Debtor's Plan.**

    **1.    Classification and Treatment of Unsecured Claims.**

23. Debtor filed its "Plan of Reorganization Dated April 4, 2018 Proposed By The Debtor" ("Plan") in this case on April 4, 2018. (DE 50).

24. According to Debtor's Schedules and its Disclosure Statement filed in this case, Debtor does not have any secured creditors. (DEs 1, 48 and 49).

25. Other than professional fees owed to Debtor's counsel and a nominal state tax debt, Debtor has only non-priority unsecured creditors. (DEs 1, 48 and 49).

26. The Plan classifies the general unsecured creditors into three classes. (DE 50).

27. The claims of CWT/RRC and GEM (collectively, the "<u>Objecting Creditors</u>") are placed into Class 3 ("Litigation Unsecured Claims"). (*Id*.).

28. The claims of "Unsecured Trade Vendors" are placed in Class 4. (*Id*.).

29. The Plan does not define which creditors are "Trade Vendors" with claims in this class. (*Id*.).

30. The Plan places the claims of "General Unsecured Creditors" in Class 5. This class "consists of all other Allowed Unsecured Claims not included in Classes 3 and 4." (*Id*.).

31. The Plan proposes identical treatment for claims in Classes 3, 4 and 5. The Plan provides the creditors in these three classes combined will receive a pro-rata share of a total distribution of $3,391,196 over a five-year period. The remainder of the claims in Classes 3, 4 and 5 will be discharged. (*Id*.)

32. Neither the Plan nor the Disclosure Statement state why unsecured claims of equal priority are classified into separate classes, yet given identical treatment. (DEs 49 and 50).

**2.    Plan Voting.**

33. CWT and RRC timely voted their claim against the Plan. (DE 97).

34. GEM timely voted its claim against the Plan. (*Id*.).

35. Between CWT/RRC and GEM, a total of $16,690,025.62 in general, non-priority unsecured claims voted against the Plan. (*Id*.).

36. Debtor received ballots from 10 other general, non-priority unsecured creditors. (*Id*.).

37. Debtor allocated seven of these votes to Class 4 "Trade Vendor" claims. According to the Debtor, these seven Class 4 votes total $5,308,880.47 in claims. (*Id*.).

38. Two of these Class 4 votes were on behalf of "insider" creditors. The claims of these insider creditors (Elizabeth and Dennis Danzik and Jade IV LLC) total $5,236,616. (*Id*.).

39. Only five non-insider Class 4 creditors with claims totaling $72,264.47 voted to accept the Plan. (*Id*.).

40. Debtor allocated three votes to Class 5 "General Unsecured Creditors". (*Id*.).

41. Debtor has acknowledged that one of these voting creditors, Tony Ker, is an insider. Mr. Ker's asserts a claim of $294,716.80. (*Id*.).

42. There are only two non-insider creditors—Greenberg Traurig, LLP ("GT") and People Ready—who voted in favor of the Plan in Class 5. Their claims total $1,426,669.75. (*Id*.).

43. At the time GT voted its $1,416,347.42 claim, GT did not have an allowed claim in this case. (DEs 1 and 48).

44. GT's claim was scheduled as "disputed" by Debtor in its original and amended Schedules filed in this case. (DEs 1 and 48).

45. GT never filed a timely proof of claim. (Claims Register).

46. Under the terms of this Court's bar date order and Bankruptcy Code § 1126(a), GT was not entitled to vote on the Plan. (DE 52).

47. It was only after Debtor apparently received GT's favorable ballot that Debtor amended its Schedules to remove the "disputed" designation for GT's claim. (DE 96).

48. In sum, a total of nine general, non-priority, non-insider creditors voted on the Plan. The claims of these nine creditors total $18,188,959.82. The two rejecting votes total $16,690,025.62, or 92% of the eligible voting claims. The seven accepting votes total $1,498,934.22, or only 8% of the eligible voting claims. (DE 97).

6
Case 2:17-bk-14387-PS    Doc 116    Filed 08/16/18    Entered 08/16/18 15:44:08    Desc
Main Document    Page 6 of 10

### F. Dennis Danzik and His Bankruptcies.

49. Dennis Danzik ("Danzik") is a co-judgment debtor with Debtor on both the CWT Judgment and GEM Judgment. (CWT POC, RRC POC and GEM POC).

50. Danzik is an insider and former officer of Debtor. (DE 97; DEs 64 and 65 in 2015 Bankruptcy).

51. In December 2016, Danzik filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Wyoming, initiating case no. 16-20002. (Docket, case no. 16-20002, (Bankr. D. Wyo.), attached as **Exhibit C**).

52. Case no. 16-20002 was dismissed four months later (March 2017) by the Wyoming Bankruptcy Court as having been filed in bad faith. ("Order on Sigma Opportunity Fund II, LLC's Motion to Dismiss", DE 393 in case no. 16-20002, (Bankr. D. Wyo.), attached as **Exhibit D**).

53. On December 6, 2017 (the day after Debtor filed), Danzik filed a second voluntary Chapter 11 petition in the Wyoming Bankruptcy Court, initiating case no. 17-20934 (the "Danzik Bankruptcy"). That case is currently pending. (Docket, Danzik Bankruptcy, attached as **Exhibit E**).

54. According to the Amended Schedules filed by Danzik in the Danzik Bankruptcy, Danzik claims to have assets valued at $174,924,016. (DE 53 in Danzik Bankruptcy, attached as **Exhibit F**).

55. Of this total, $174,369,616 is attributable to two assets: (a) insider loans Danzik purportedly made to Debtor totaling $4,369,616, and (b) litigation claims against CWT and RRC that were pending in the United States District Court for the District of Arizona, which Danzik valued at $170,000,000. (*Id.*; DE 1 in Danzik Bankruptcy, attached as **Exhibit G**).

56. Aside from these two "assets", Danzik values his remaining property at $554,400. (DE 53 in Danzik Bankruptcy).

57. Against these assets, Danzik lists unsecured, non-priority claims totaling $20,767,639, including the claims of CWT/RRC and GEM. (*Id*.).

58. The Internal Revenue Service has filed a proof of claim in the Danzik Bankruptcy for unpaid taxes totaling $2,336,536. Of this amount, the IRS claims $637,409 is secured by tax liens against all of Danzik's real and personal property. The IRS further claims $56,325 as a priority unsecured claim under Bankruptcy Code § 507(a)(8). (Proof of Claim filed by Internal Revenue Service in Danzik Bankruptcy, attached as **Exhibit H**).

59. Based on these claims and security, the IRS filed a motion to lift the automatic stay in the Danzik Bankruptcy to permit foreclosure of its lien against Danzik's house in Wyoming. ("United States' Motion for Relief From the Automatic Stay and Notice of Time to Object", DE 160 in Danzik Bankruptcy, attached as **Exhibit I** (w/o exhibits)).

60. The Wyoming Bankruptcy Court granted the IRS motion on August 14, 2018. ("Order Granting The United States' Motion for Relief from the Automatic Stay", DE 176 in Danzik Bankruptcy, attached as **Exhibit J**).

### G. Claims of Debtor and Danzik Against CWT/RRC.

61. Prior to the Petition Date, Debtor and Danzik filed various litigation claims against CWT and RRC in the United States District Court for the District of Arizona. ("Complaint" filed in case no. 2:17-cv-00969-JAT (D. Ariz.), attached as **Exhibit K**).

62. These claims, initially filed by Debtor and others in an action before the Hon. James A. Tielborg in March 2017, initiated case no. 2:17-cv-00969-JAT. (Docket, case no. 2:17-cv-00969-JAT (D. Ariz.), attached as **Exhibit L**).

63. Subsequently, this action was consolidated with a prior, related case styled *CWT Canada II Limited Partnership, et al. v. Danzik, et al.*, case no. 2:16-cv-00607-DGC (consolidated actions), pending before the Hon. David Campbell. (Docket, case no. 2:16-cv-00607-DGC (D. Ariz.), attached as **Exhibit M**).

64. On January 26, 2018, Judge Campbell entered an order dismissing the claims of Debtor and Danzik against CWT and RRC. Judge Campbell concluded these claims were barred by res judicata based on the CWT Judgment. (DE 119 in case no. 2:16-cv-00607-DGC (D. Ariz.), published at *CWT Canada II Limited Partnership v. Danzik*, 2018 WL 571797 (D. Ariz., Jan. 26, 2018)).

### H. Debtor's Insolvency.

65. According to Debtor's amended Schedule F flied in this case, the total amount of unsecured claims in this case is $29,488,145.33. (DE 96).

66. According to Debtor's amended Schedules A and B, Debtor has assets of $425,000. (DE 1 and 48).

67. Debtor identifies the assets valued at $425,000 as being "intellectual property" either owned by Debtor or its subsidiary, Danzik Hydrological Sciences, LLC. (DE 48).

68. Debtor has acknowledged that the "intellectual property" it values at $425,000 requires Danzik's involvement to "deploy" the "intellectual property", either by Debtor directly or through a license of the "intellectual property" to a third-party. "As a practical matter going forward, to effectively use and deploy the Proprietary Technology by the Debtor directly or by licensees currently requires the supporting services of Danzik . . . ." (DE 61 at 3-4).

RESPECTFULLY SUBMITTED this 16th day of August, 2018.

                        RYAN RAPP & UNDERWOOD, PLC


                        By /s/ J. Henk Taylor (016321)
                            Henk Taylor
                         *Attorneys for CWT Canada II LP, Resource Recovery Corporation and GEM Holdco, LLC*

**ORIGINAL** e-filed and a **COPY** of the foregoing e-mailed this 16th day of July, 2018 to:

Mark Giunta
Liz Nguyen
LAW OFFICE OF MARK GIUNTA
531 East Thomas Road, Suite 200
Phoenix, AZ 85012
markgiunta@giuntalaw.com
liz@giuntalaw.com
*Counsel to Debtor-In-Possession*

/s/ Henk Taylor